**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: June 1, 2017
Date Decided: July 18, 2017

Stephen P. Lamb, Esquire
Meghan M. Dougherty, Esquire
Paul, Weiss, Rifkind, Wharton
    & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

Joel Friedlander, Esquire
Friedlander & Gorris, P.A.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801

Re: *AM General Holdings LLC v. The Renco Group, Inc.*;
    C.A. No. 7639-VCS
    *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
    C.A. No. 7668-VCS

Dear Counsel:

This matter involves long-standing claims and counter-claims between joint

venturers, The Renco Group, Inc. and MacAndrews AMG Holdings LLC, who are

parties to a Limited Liability Agreement of AM General Holdings LLC, dated

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCS
July 18, 2017
Page 2

August 10, 2004 (the "Holdco Agreement").[1]  On May 17, 2017, this Court issued a Letter Opinion addressing cross-motions for partial summary judgment whereby the parties sought declarations regarding rights and obligations arising under certain provisions of the Holdco Agreement.[2]  The motions were denied after I determined that the relevant provisions of the Holdco Agreement upon which the parties rested their respective motions were ambiguous (*i.e.*, both parties proffered reasonable constructions of the provisions) and could not, therefore, support judgment as a matter of law for either party.

In what can now safely be characterized as a pattern, Renco has filed a motion for reargument with respect to the Letter Opinion (the "Motion").[3]  Renco contends that the Court misapprehended the law with respect to a fundamental tenet of contract construction: contracts should be construed in a manner that gives meaning

---

[1] The background facts can be found in any one of nearly a dozen written decisions in this case spanning many, many years.

[2] *AM Gen. Hldgs. LLC v. The Renco Gp., Inc.*, 2017 WL 2167193 (Del. Ch. May 17, 2017).

[3] This is Renco's fourth motion for reargument in the past two years.

*AM General Holdings LLC v. The Renco Group, Inc.*
C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
C.A. No. 7668-VCS
July 18, 2017
Page 3

to all provisions and does not render any provision superfluous. According to Renco, the Court incorrectly disregarded the fact that MacAndrews AMG's proffered interpretation would render Section 8.3(b) of the Holdco Agreement superfluous.

The Court will deny a motion for reargument under Court of Chancery Rule 59(f) "unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected."[4] Where the motion merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied.[5]

With the Rule 59(f) standard of review in mind, the Motion must be summarily denied. Renco has simply repeated arguments it raised in its motion for

---

[4] *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985).

[5] *See Lewis v. Aronson*, 1985 WL 21141, at *2 (Del. Ch. June 7, 1985).

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCS
July 18, 2017
Page 4

summary judgment.  Specifically, and most directly, Renco's Reply Memorandum of Law, under the heading "MacAndrews AMG's Construction of Sections 8.3(a) and 8.3(b) Impermissibly Reads Renco's Contract Rights Out of the Holdco Agreement," at pages 20 through 23, makes precisely the same argument Renco raises again in the Motion.[6]  This is not proper reargument.[7]

Even if the Court looked past the fact that Renco's Motion is a rehash of previously made arguments, the Motion would still fail for resting on a flawed

---

[6] *Compare* The Renco Gp., Inc.'s Reply Mem. of Law in Supp. of its Mot. for Partial Summ. J. and in Opp'n to MacAndrews AMG's Cross-Mot. ("Renco Reply Br.") 20–23 (arguing that "MacAndrews AMG's construction of Sections 8.3(a) and 8.3(b) gives no effect to Renco's Election Right under 8.3(b)" and stating that "MacAndrews AMG's construction obviates Renco's express right of election under Section 8.3(b) . . ."), *with* Mot. by The Renco Gp., Inc. for Reargument of the Court's May 17, 2017 Letter Op. ("Motion") ¶ 2 (stating "[t]he Letter Opinion incorrectly concluded that MacAndrews AMG's interpretation did not render Section 8.3(b) of the Holdco Agreement meaningless and superfluous" because "it is irrefutable that MacAndrews AMG's construction renders Section 8.3(b) superfluous and, therefore, MacAndrews AMG's construction cannot be reasonable.").

[7] *See, e.g.*, *Cartanza* v. *Cartanza*, 2013 WL 3376964, at *1 (Del. Ch. July 8, 2013) ("[M]otions for reargument must be denied when a party merely restates its prior arguments."); *Bear Stearns Mortg. Funding Trust 2006-SL1 v. EMC Mortg. LLC*, 2015 WL 139721, at *8 (Del. Ch. Jan. 12, 2015) (same); *Brown v. Wiltbank*, 2012 WL 5503932, at *1 (Del. Ch. Nov. 14, 2012) (same).

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCS
July 18, 2017
Page 5

premise.   Renco contends that the Court failed to apprehend that the Holdco Agreement must be construed in a manner that gives effect to all terms and does not render terms superfluous.   Yet the Court recognized this canon of construction expressly in the Letter Opinion.[8]   The fact that Renco disagrees with the manner in which the Court applied the canon is, again, not proper reargument.[9]

Likewise, the Court considered and properly rejected Renco's argument that MacAndrews AMG's proffered construction somehow conflated the parties' hypothetical revalued capital accounts and the parties' actual capital accounts.   The Court determined that MacAndrews AMG had credibly argued that Section 8.3(b) was intended to remedy imbalances in the actual capital accounts of the parties.

---

[8] *AM Gen. Hldgs. LLC*, 2017 WL 2167193, at *5.   *See also* Motion ¶ 8 (Renco acknowledging that "[t]he Letter Opinion thus implicitly recognized that if Renco is correct that MacAndrew AMG's interpretation renders Section 8.3(b) meaningless and superfluous, then consistent with fundamental principles of contract construction, MacAndrews AMG's interpretation is not reasonable.").

[9] *Jutrau v. Jansing*, 2014 WL 6901461, at *2 (Del. Ch. Dec. 8, 2014), *aff'd*, 123 A.3d 938 (Del. 2015) (TABLE) ("Mere disagreement with the Court's resolution of a matter is not sufficient, and the Court will deny a motion for reargument that does no more than restate a party's prior arguments.").

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCS
July 18, 2017
Page 6

MacAndrews AMG raised this argument in response to Renco's contention that there could never be an imbalance in the parties' revalued capital accounts after application of Section 8.3(a) and, therefore, MacAndrew AMG's interpretation rendered Section 8.3(b) superfluous. Renco repeats this same argument in the Motion.[10] The Court explicitly considered the argument and accepted MacAndrew AMG's counter interpretation as reasonable.[11] Renco's rehash of the same argument it presented in its motion papers is not proper reargument.

As the Court noted in the Letter Opinion, "[i]f both parties offer arguably reasonable constructions . . . the Court may, in its discretion, deny summary judgment [so that it may] . . . inquire into or develop more thoroughly the facts at

---

[10] *Compare* Renco Reply Br. 22 ("[A]s MacAndrews AMG admits, under its construction of 8.3(a), that circumstance is impossible because profits and losses would always, and automatically, be allocated in such a way that Renco's interests could never equal or exceed 80%.") *with* Motion ¶ 10 ("It is mathematically impossible for there to be imbalances that cannot be remedied by the reallocation of losses pursuant to Section 8.3(a).")

[11] *AM Gen. Hldgs. LLC,* 2017 WL 2167193, at *5.

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCS
July 18, 2017
Page 7

trial in order to clarify the law or its application."[12]  In this instance, the Court concluded that both parties offered reasonable constructions that, in turn, rendered the relevant provisions of the Holdco Agreement ambiguous.  Renco has failed to point to any law or facts that the Court misapprehended or failed to consider in making that determination.  Its persistent strategy of restating previously rejected arguments on motions for reargument has not worked before and cannot work now.

For the foregoing reasons, the motion for reargument is DENIED.

Very truly yours,

*/s/ Joseph R. Slights III*

---

[12] *AM Gen. Hldgs. LLC,* 2017 WL 2167193, at *2.